Case 5:04-cv-00705-CH   Document 28   Filed 09/28/05   Page 1 of 3

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LORNA J. JONES, | ) | |
|                 Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-04-705-CH |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
|                 Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412. The Defendant Commissioner has responded to Plaintiff's application and has no objection to the requested attorney fees. For the reasons stated herein, Plaintiff's application is granted and Plaintiff is awarded reasonable attorney fees in the amount of $5,841.60.

Under the EAJA, a court shall award a prevailing party attorney fees and other expenses unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. §2412(d)(1)(A). As Plaintiff obtained a fourth sentence reversal under 42 U.S.C. §405(g), he is a prevailing party for purposes of the EAJA fees. *Shalala v. Schaefer*, 509 U.S. 292 (1993); *Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir. 1995). In addressing the issue of whether the government's position was substantially justified, the test is reasonableness in law and fact. *Pierce v. Underwood*, 487 U.S. 552 (1988). The government's position must be "justified to a degree

that could satisfy a reasonable person." *Id*. at 565.  The burden rests with the government to prove that the Commissioner's position was substantially justified.  *Weakley v. Bowen*, 803 F.2d 575, 577 (10th Cir. 1986).  As noted, the Defendant Commissioner states no objection to Plaintiff's requested attorney fees.  Further, the record reflects no special circumstances which would make an award of attorney fees unjust.  Thus, the only issue before the Court concerns the reasonableness of the fee requested.

An award under the EAJA is limited to $125 per hour unless the Court determines that an increase in the cost of living or another special factor justifies a higher fee.  28 U.S.C. §2412(d)(2)(A).  Plaintiff seeks an attorney fee award of $5,841.60 calculated at the rate of $152 per hour for 35.6 hours of work performed in the year 2004, and $153 per hour for 1.3 hours of work performed in the year 2005.  In addition, an itemized accounting provided by Plaintiff's counsel includes services performed by a paralegal under the supervision of an attorney:  3.1 hours at $65 per hour in 2004 and 0.4 hours at $75 per hour in 2005.  The detailed itemization of the time expended in representing Plaintiff reflects a reasonable amount of time for this matter.  Further, Plaintiff has provided documentation supporting the hourly rate by attaching a copy of a communication dated February 28, 2005, from the Social Security Office of the General Counsel Region VI in which that office agrees to the requested hourly rates for attorney work performed in cases arising in the district courts of Oklahoma.  In support of the rate for paralegal services, Plaintiff has cited an October 2004 report of Legal Assistant Billing Rates published by the National Association of Legal Assistants reflecting the August 2002 average paralegal rate charged in Region 5, including

Oklahoma. Based upon the record before the Court and the lack of objection by the Defendant Commissioner, the requested upward adjustment of the hourly rate is appropriate and an attorneys fee award in the amount of $5,841.60 is justified. The Court finds, therefore, that Plaintiff is entitled to an award of fees under the EAJA, and the requested attorneys fees are appropriate and reasonable in this case.

Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act [Doc. #25] is granted and, pursuant to Fed.R.Civ.P. 54(d)(2), Plaintiff shall be awarded a judgment in the amount of $5,841.60, payable to Plaintiff's attorney, for Plaintiff's reasonable attorney fees incurred in this case.

IT IS SO ORDERED this __28th__ day of September, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE